IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| **CHOICE HOTELS INTERNATIONAL, INC., a Delaware Corporation,** | § § § | |
| **Plaintiff,** | § § | **Civil Action No.**  4:18-cv-9 |
| **v.** | § § § | |
| **PECOS INN, LLC, a Texas Corporation, RAM KUNWAR, individually, and DOES 1 through 20** | § § § § § | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **Defendants.** | § | |

## ORIGINAL COMPLAINT

**COMES NOW** the Plaintiff, Choice Hotels International, Inc., by and through its attorneys, Gordon Rees Scully Mansukhani, LLP, and for its Complaint against Defendants Pecos Inn, LLC, Ram Kunwar, and Does 1 through 20 (collectively "Defendants") does hereby allege as follows:

## THE PARTIES

1.      Plaintiff Choice Hotels International, Inc. (hereinafter "Choice Hotels" or "Plaintiff") is a Delaware corporation, licensed to conduct business in the State of Texas, and has a principal place of business at 1 Choice Hotels Circle, Rockville, Montgomery County, Maryland.

2.      Defendant Pecos Inn, LLC (hereinafter "Pecos Inn") is a corporation organized under the laws of the State of Texas. Pecos Inn, LLC may be served through the managing member at the registered agent address and principle place of business at 2207 West 3rd Street, Pecos, Texas 79772. Pecos Inn, LLC is a former franchisee of Choice Hotels.

3.      Defendant Ram Kunwar (hereinafter "Kunwar"), is an individual residing in Pecos, Texas, is the managing member of Pecos Inn, and is a former franchisee of Choice Hotels.

4.      The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants Does 1 through 20 are unknown at this time.  Plaintiff therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when the same have been ascertained.

5.      Upon information and belief, Defendants regularly conduct business activity, and/or at all relevant times conducted business activity, in this state and district, including but not limited to, *inter alia*, engaging in the provision of hotel/motel services at 2207 West 3rd Street, Pecos, Texas 79772.

6.      Upon information and belief, at all times herein mentioned, each of the Defendants was the agent of each of the other Defendants, and, in doing the things herein alleged, was acting within the course and scope of such agency, and with the permission and the consent of its Co-Defendants.

7.      Upon information and belief each of the Defendants designated herein as a DOES 1 through 20 is or was responsible in some manner for the happenings and events hereinafter alleged and/or otherwise caused the losses and/or damages as herein alleged.  Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 20, inclusive, and therefore sue these defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.  Upon information and believe, the identities of these DOES 1 through 20 defendants do not impact this court's jurisdiction.

## JURISDICTION AND VENUE

8.      This Court has both federal question and diversity jurisdiction over this case.

9.      This Court has original jurisdiction over the Lanham Act claims in this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§ 1331, 1338(a).

10.      This Court has original jurisdiction in this case pursuant to 28 U.S.C. § 1338(b) because this civil action asserts a claim of unfair competition joined with a substantial and related claim under the trademark laws.

11.     This Court has supplemental jurisdiction over the state and common law claims in this action pursuant to 28 U.S.C. § 1367(a) because those claims are so related to the Lanham Act claims so as to form part of the same case or controversy under Article III of the United States Constitution.

12.     This Court has diversity jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000.00 and the parties are citizens of different States.

13.     Upon information and belief, each of the Defendants have sufficient contacts with this state and district such that this Court's exercise of personal jurisdiction over them comports with traditional notions of fair play and substantial justice.

14.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

**CHOICE HOTELS AND THE COMFORT FAMILY OF MARKS**

15.     Choice Hotels is in the business of franchising hotels.

16.     Choice Hotels can trace its roots to the 1930's when it was comprised of a small chain of roadside hotels.  Since that time, Choice Hotels has grown to become one of the largest and most successful lodging franchisors in the world.

17.     Choice Hotels is now a publically traded company with approximately 6,500 franchised hotels.

18.     Choice Hotels offers high value, mid-priced, hotel and motel services under such well known brands as CAMBRIA SUITES®, COMFORT INN®, COMFORT SUITES®, QUALITY®, SLEEP INN®, CLARION®, MAINSTAY SUITES®, SUBURBAN EXTENDED STAY HOTEL®, ECONO LODGE®, and RODEWAY INN®.

19.     Choice Hotels and/or its predecessor in interest has been offering lodging services under a family of ECONO LODGE® marks since at least as early as 1965.

20.     Choice Hotels is the owner of several United States Trademark Registrations for its "ECONO LODGE family of marks," as is defined herein below.

21.    Choice Hotels is the owner of United States Trademark Registration No. 813,642 (hereinafter, "the '642 registration") for the mark ECONO LODGE for use in connection with the provision of motel services.  A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 1.

22.    Choice Hotels is the owner of United States Trademark Registration No. 1,799,814 (hereinafter, "the '814 Registration") for the mark ECONO LODGE + Design for use in connection with the provision of hotel and motel services; and hotel and motel reservation services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 2. The '814 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

23.    Choice Hotels is the owner of United States Trademark Registration No. 2,178,518 (hereinafter, "the '518 Registration") for the mark ECONO LODGE for use in connection with the provision of hotel and motel services and for use in connection with rendering technical assistance in the establishment and/or operation of hotels and motels. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 3.  The '518 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

24.    Choice Hotels is the owner of United States Trademark Registration No. 2,878,530 (hereinafter, "the '530 Registration") for the mark ECONO LODGE INN & SUITES for use in connection with the provision of hotel and motel services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 4.  The '530 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

25.    Choice Hotels is the owner of United States Trademark Registration No. 3,489,688 (hereinafter, "the '688 Registration") for the mark E ECONO LODGE + Design for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 5.

26.    Choice Hotels is the owner of United States Trademark Registration No.

3,522,065 (hereinafter, "the '065 Registration") for the mark E ECONO LODGE + Design for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 6.

27.     Choice Hotels is the owner of United States Trademark Registration No. 3,522,067 (hereinafter, "the '067 Registration") for the mark E ECONO LODGE INN & SUITES + Design for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 7.

28.     Choice Hotels is the owner of United States Trademark Registration No. 3,522,199 (hereinafter, "the '199 Registration") for the mark E ECONO LODGE INN & SUITES + Design for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 8.

29.     Since the inception of their use, the trademarks described in paragraphs 20 through 28 above and corresponding exhibits 1 through 8 (hereinafter collectively the "ECONO LODGE family of marks"), have been used by Choice Hotels, its predecessors, and its licensed franchisees in connection with the provision of the highest value hotel and motel services. Each of the ECONO LODGE family of marks are famous and highly distinctive, and are recognized by the public as identifying Choice Hotel's goods and/or services.

30.     Choice Hotels has used the ECONO LODGE family of marks throughout the United States and has heavily advertised and promoted them. These marks have developed and represent valuable, substantial, and exclusive goodwill and reputation inuring to Choice Hotel's benefit. Choice Hotels has always exercised great care, skill, and diligence in maintaining uniform standards of high quality for its goods and services bearing the ECONO LODGE family of marks. The reputation associated with and the goodwill developed in the ECONO LODGE family of marks in the United States are of high value to Choice Hotels.

31.     Each registration identified in the ECONO LODGE family of marks, remains active, valid, and enforceable.

**THE CHOICE HOTELS / PECOS INN FRANCHISE AGREEMENT**

32.     On or about March 31, 2015, Choice Hotels entered into a Franchise Agreement with Defendants, which permitted Defendants to operate a ECONO LDGE® hotel franchise at 2207 W 3rd St., Pecos, TX 79772 (hereinafter "the Subject Property" or "Hotel").  A true and correct copy of the Franchise Agreement is attached hereto as Exhibit 9.

33.     The Franchise Agreement specifically and non-exclusively licensed some or all of the ECON LODGE family of marks to Defendants only for so long as the Franchise Agreement remained in effect.

34.     The Franchise Agreement also provides that Defendants are required to make specified payments to Choice Hotels, including affiliation fees and certain monthly fees, including but not limited to royalty fees, reservation fees, data communication fees, and marketing fees.

35.     Section 4(e) of the Franchise Agreement required Defendants to provide Choice Hotels with certain financial data related to the Subject Property.

36.     The Franchise Agreement permitted Choice Hotels to terminate the Franchise Agreement for a variety of reasons including, but not limited to, Defendants' breach of any obligation and/or warranties under the Franchise Agreement or any other instrument or agreement between Defendants and Choice Hotels.

37.     Section 11 of the Franchise Agreement provides that upon termination, Defendants must, "[i]mmediately discontinue any and all use of our Intellectual Property, refrain from using the Brand Marks to identify the Hotel and continue not to use the Choice-Related Words even after expiration or termination of the Agreement."

**CHOICE HOTELS' TERMINATION OF THE FRANCHISE AGREEMENT**

38.     In or about May to October 2016, Defendants defaulted under the Franchise Agreement by failing to make payments to Choice Hotels pursuant to the terms of the Franchise

Agreement.

39.     On or about November 8, 2016, Choice Hotels sent a written Notice of Default to Defendants through Defendants' designated agent under the Franchise Agreement, advising that Defendants were in breach of the Franchise Agreement based on their "failing to make timely payment of any and all franchise and related fees and timely payment of travel agent commission fees."  Choice Hotels' November 8, 2016, correspondence also specifically and expressly notified Defendants that if all outstanding amounts were not paid within 10 days from the date of the Notice of Default, Choice Hotels, at its option, may terminate the Franchise Agreement.  A true and correct copy of Choice Hotels' November 8, 2016, Notice of Default is attached hereto as Exhibit 10.

40.     Defendants failed to cure the defaults identified in Choice Hotels' November 8, 2016 correspondence, and therefore on or about May 24, 2017, Choice Hotels gave Defendants written notice, through its designated agent and address under the Franchise Agreement, that Choice Hotels was terminating the Franchise Agreement, "effective immediately."   A true and correct copy of Choice Hotels' May 24, 2017 Notice of Termination is attached hereto as Exhibit 11.

41.     The May 24, 2017 Notice of Termination instructed Defendants to, among other things, "[r]emove (or adequately cover until removed) at your expense all signs and other displays or usage of Choice's trademarks, service marks and other proprietary marks ("Choice Marks") in accordance with the attached De-identification Checklist."  The De-identification Checklist attached to the May 24, 2017 Notice of Termination advised Defendants that they must stop using any items that bear Choice Hotels' intellectually property after the effective date of the termination of the Franchise Agreement, including, but not limited to: DOT Signs, Billboards, Property Signage, Entrance Signage, Building Signage, Local Yellow Page Ad, Airport Advertising, Lobby Display/Backdrop, Owner's plaque, Rate/Hotel Law Cards, Stationery/Guest and Office, Shower Curtains, Fire Evacuation Cards, Soap/Amenity Package, In-Room Organizers, Cups/Glasses, Van Signs, Folios, Domain Names, Name Tags, Ice Buckets,

Guest Service Directory, Sani-Bags, Travel Directories, Ashtrays, Phone Plate, Info Caddy, Matches, Brochures, Rack Cards, Flyers, Guest Room Door Signage, Do Not Disturb Cards, Wastebaskets, Sanitary Toilet Strips, Pad/Pencil/Pen, Guest Comment Cards, Manner in Which Phone is Answered, Voice Mail, and Domain Names.

42.     The May 24, 2017 Notice of Termination also advised Defendants that within 15 days of termination, they were to, among other things, "[c]ontact online travel agents (OTAs) and other travel webs sites known to contain an improper listing of the Hotel and arrange for removal or alteration of the Hotel's listing."

43.     After May 24, 2017, Defendants did not comply with the cease and desist demand set forth by Plaintiff in the Notice of Termination and instead continued to use in commerce, without Plaintiff's consent, Choice Hotels' intellectual property, including, but not limited to, the ECONO LODGE family of marks in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, and/or to deceive, including but not limited to in, around, and for the Subject Property.

44.     On or about August 1, 2017, Choice Hotels sent Defendants correspondence advising Defendants that Choice Hotels had learned that despite the May 24, 2017 termination of the Franchise Agreement, Defendants were continuing to "make widespread use of the ECONO LODGE® hotel marks in, around, and in publicity for, your hotel." Choice Hotels' August 1, 2017, correspondence demanded that Defendants immediately cease all use of the ECONO LODGE family of marks.  A copy of Choice Hotels' August 1, 2017 cease and desist letter is attached hereto as Exhibit 12.

45.     Despite the May 24, 2017 termination of the Franchise Agreement and Choice Hotels' repeated cease and desist demands, Choice Hotels learned that Defendants were continuing to utilize the ECONO LODGE family of marks in their marketing of the Hotel, by among other things, continuing to display one or more of the ECONO LODGE family of

marks on signs at the property and continuing to market, advertise and/or identifying the Subject Property through online booking web sites as an Econo Lodge Hotel.

46.     Notwithstanding Defendants' continued willful and unauthorized use of the ECONO LODGE family of marks, in an attempt to avoid the cost of this litigation, on November 20, 2017, counsel for Choice Hotels set Defendants correspondence demanding that Defendants cease and desist their use and/or display of the ECONO LODGE family of marks at the Hotel.  Choice Hotels' November 20, 2017 also identified numerous online booking web sites and demanded that Defendants remove or alter the listings for the Subject Property on those sites so that the Subject Property was no longer identified as an Econo Lodge Hotel.  A true and correct copy of Choice Hotels' November 20, 2017 cease and desist letter is attached hereto as Exhibit 13.

47.     Notwithstanding the warnings set forth in Choice Hotels' November 8, 2016 Notices of Default and the demands that Defendants cease all use of Choice Hotels' intellectual property contained in Choice Hotels May 24, 2017 Notice of Termination and the August 1, 2017 and November 20, 2017 cease and desist letters, Defendants willfully and with full knowledge that the Franchise Agreement had been terminated, continued to display and use in commerce one or more of the ECONO LODGE family of marks without Plaintiff's consent at both the Subject Property and Defendants' online advertising of same.  Photographs taken at the Subject Property on or about October 4, 2017, showing Defendants' continued use of one or more of the ECONO LODGE family of marks at the Subject Property are attached hereto as Exhibit 14.

48.     The display and use of one or more of the ECONO LODGE family of marks by Defendants has irreparably damaged, and unless enjoined by this Court will continue to irreparably damage, the value and valuable good will associated with Choice Hotels and the ECONO LODGE family of marks.

**FIRST CLAIM FOR RELIEF**

**Infringement of Federally Registered Trademark (15 U.S.C. § 1114)**
**(Against All Defendants)**

49.     Choice Hotels refers to and incorporates herein by this reference each and every allegation in the foregoing paragraphs, as well as those in the paragraphs that follow, as though fully set forth herein.

50.     Choice Hotels is the owner of the ECONO LODGE family of marks which it uses in connection with the provision of hotel and motel services.

51.     Choice Hotels licensed the ECONO LODGE family of marks to Defendants, non-exclusively and on a limited basis, as part of the Franchise Agreement, only.

52.     Upon information and belief, after termination of the Franchise Agreement and thus the non-exclusive limited license contained therein, and despite receiving notice regarding said terminations and the lack of Plaintiff's authority or consent to any continued or future use of the ECONO LODGE family of marks thereafter, Defendants continued to use, and do continue to use, one or more of the ECONO LODGE family of marks in commerce, including at the Subject Property.

53.     Upon information and belief, Defendants had actual knowledge of the ECONO LODGE family of marks owned by Choice Hotels and, without the consent of Choice Hotels, knowingly, willfully, intentionally, and deliberately used in commerce.

54.     Defendants' use of the ECONO LODGE family of marks was and/or is likely to cause confusion, mistake, or deception in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

55.     The acts of Defendants as described herein constitute infringement and/or contributory infringement of one or more of the ECONO LODGE family of marks.

56.     As a direct and proximate cause of the herein-described infringing acts of Defendants, Choice Hotels has been damaged in an amount to be determined at trial; but believed to be in excess of $75,000.00.

57.     Choice Hotels is also entitled to recover its damages, the profits of Defendants, and the cost of this action under 15 U.S.C. § 1117.

58.     In addition, because Choice Hotels has suffered and will continue to suffer irreparable harm as a result of Defendants' actions and has no adequate remedy at law with respect to this injury, Choice Hotels is entitled to injunctive relief under 15 U.S.C. § 1116.  The acts of Defendants as described herein have caused and will continue to cause serious irreparable injury to Choice Hotels and to the goodwill associated with the ECONO LODGE family of marks unless restrained and enjoined by this Court.

59.     The acts of Defendants as described herein have been knowing, intentional, wanton, willful, malicious, and oppressive, and thus warrant this case being designated as exceptional under 15 U.S.C. § 1117 and the imposition of treble damages and an award of attorneys' fees in favor of Choice Hotels.

### SECOND CLAIM FOR RELIEF

**False Designation of Origin (15 U.S.C. § 1125(a))**
**(Against All Defendants)**

60.     Choice Hotels refers to and incorporates herein by this reference each and every allegation in the foregoing paragraphs, as well as those in the paragraphs that follow, as though fully set forth herein.

61.     Upon information and belief, Defendants had actual knowledge of the COMFORT family of marks owned by Choice Hotels and, without the consent of Choice Hotels, knowingly, willfully, intentionally, and deliberately used in commerce such marks.

62.     Defendants' use of the COMFORT family of marks was and/or is likely to cause confusion, mistake, or deception in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

63.     Upon information and belief, Defendants used, and continue to use, one or more of the marks in the COMFORT family of marks in commerce.

64.     Such use constitutes a false designation of origin, and/or a false or misleading description and/or representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association between Choice Hotels and Defendants, or as to the source, origin, sponsorship, or approval of the services or commercial activities of the Defendants by Choice Hotels.

65.     As a direct and proximate cause of Defendants' acts, as described herein, Choice Hotels has been damaged in an amount to be determined at trial; but believed to be in excess of $75,000.00.

66.     Choice Hotels is also entitled to recover its damages, the profits of Defendants, and the cost of this action under 15 U.S.C. § 1117.

67.     In addition, because Choice Hotels has suffered and will continue to suffer irreparable harm as a result of Defendants' actions and has no adequate remedy at law with respect to this injury, Choice Hotels is entitled to injunctive relief under 15 U.S.C. § 1116.  The acts of Defendants, as described herein, have caused and will continue to cause serious irreparable injury to Choice Hotels and to the goodwill associated with the COMFORT family of marks unless restrained and enjoined by this Court.

68.     The acts of Defendants, as described herein, have been knowing, intentional, wanton, willful, malicious, and oppressive, and thus warrant this case being designated as exceptional under 15 U.S.C. § 1117 and the imposition of treble damages and an award of attorneys' fees in favor of Choice Hotels.

### THIRD CLAIM FOR RELIEF

**Texas Common Law Trademark Infringement**
**(Against All Defendants)**

69.     Choice Hotels refers to and incorporates herein by this reference each and every allegation in the foregoing paragraphs, as well as those in the paragraphs that follow, as though fully set forth herein.

70.     Defendants have used, and upon information and belief continue to use, marks in

commerce in connection with the provision of hotel and motel services which are likely to create consumer confusion in the marketplace.  All of these activities constitute trademark infringement under the common law of the State of Texas.

71.     The conduct of Defendants as described herein has injured Choice Hotels in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Choice Hotels for which there is no adequate remedy at law.  Choice Hotels will continue to be so damaged in the absence of relief from this Court.  The acts of Defendants, as described herein, have furthermore been and continue to be knowing, intentional, wanton, willful, malicious, and oppressive, and based on information and belief have resulted from fraud, malice or gross negligence.

## FOURTH CLAIM FOR RELIEF

### Texas Common Law Unfair Competition
### (Against All Defendants)

72.     Choice Hotels refers to and incorporates herein by this reference each and every allegation in the foregoing paragraphs, as well as those in the paragraphs that follow, as though fully set forth herein.

73.     Defendants have used, and upon information and belief continue to use, marks in commerce in connection with the provision of hotel and motel services which are likely to create consumer confusion in the marketplace.  All of these activities constitute unfair competition under the common law of the State of Texas.

74.     The conduct of Defendants as described herein has injured Choice Hotels in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Choice Hotels for which there is no adequate remedy at law.  Choice Hotels will continue to be so damaged in the absence of relief from this Court.  The acts of Defendants, as described herein, have furthermore been and continue to be knowing, intentional, wanton, willful, malicious, and oppressive and based on information and belief have resulted from fraud, malice or gross negligence.

**PRAYER FOR RELIEF**

**WHEREFORE**, Choice Hotels requests that this Court enter judgment in its favor, and against Defendants, and each of them, including orders as follows:

A.     That Defendants have each and all infringed, and/or contributorily infringed, and/or induced the infringement of, one or more of the marks in the ECONO LODGE family of marks, including but not necessarily limited to, the marks appearing in: the '688 Registration; the '065 Registration; the '067 Registration; the '199 Registration; the '518 Registration; the '642 Registration; the '530 Registration; and, the '814 Registration; and any mark(s) confusingly similar thereto or derivative thereof;

B.     That Defendants, jointly and severally, along with their agents, employees, servants, representatives, and attorneys, and all those in active concert or participation with them, be preliminarily, permanently, and forever enjoined from using any of the marks in the ECONO LODGE family of marks, including but not necessarily limited to, the marks appearing in:  the '688 Registration; the '065 Registration; the '067 Registration; the '199 Registration; the '518 Registration; the '642 Registration; the '530 Registration; and, the '814 Registration; and any mark(s) confusingly similar thereto or derivative thereof;

C.     Directing an accounting of profits and damages resulting from Defendants' trademark infringement, and trebling of such damages under the trademark laws because of the knowing, intentional, willful, and wanton nature of Defendants' conduct;

D.     That Choice Hotels be awarded judgment for damages against Defendants, jointly and severally, resulting from violation of Section 32 of the Lanham Act (15 U.S.C. § 1114) and Section 43 of the Lanham Act (15 U.S.C. § 1125(a)) respectively, including:

       1)     all profits received by Defendants as a result of their acts of infringement, false designation of origin, and unfair competition, and other actions complained of herein;

       2)     all damages sustained by Choice Hotels as a result of Defendants acts of infringement, false designation of origin, and unfair competition, and other

actions complained of herein, including but not limited to lost profits, loss of goodwill, and actual damages;

3)    the trebling and increase of the damages described above, to three times the amount awarded, in view of Defendants' knowing, intentional, wanton, and willful infringement; and,

4)    in light of the deliberate and willful actions of Defendants, the designation of this action an exceptional case, thereby entitling Choice Hotels to an award of all reasonable attorneys' fees, costs, and expenses incurred by Choice Hotels in this action, pursuant to 15 U.S.C. § 1117, and an award of such relief;

E.    Injunctive relief as a result of Defendants' acts of trademark infringement, unfair competition and false designation of origin, including but not limited to an order requiring Defendants to remove any and all of the ECONO LODGE family of marks from their premises, property, and business operations and enjoining any and all future unauthorized use of same.

F.    That Choice Hotels be awarded judgment for money damages, in an amount to be determined at trial, against Defendants, for their violation of applicable Texas common laws;

G.    That Choice Hotels be awarded judgment against Defendants for money damages, and three times that amount due to Defendants' bad faith conduct, or any alternative relief under the applicable Texas common laws;

H.    That exemplary damages be awarded against Defendants and in favor of Plaintiff;

I    That Choice Hotels be awarded its attorneys' fees, costs, and expenses of suit; and

J.    That this Court award to Choice Hotels any and all other relief not here enumerated that this Court should deem just, equitable, and/or proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff Choice Hotels hereby demands a jury trial on all issues as to which a jury is available, as provided by Rule 38 of the Federal Rules of Civil Procedure.

DATED:  February 21, 2018

Respectfully submitted,

**GORDON REES
SCULLY MANSUKHANI LLP**


By: */s/  Mark W. Thayer*
      Mark W. Thayer
      Attorney-in-Charge
      Texas State Bar No. 19826050
      Federal Bar No. 7351
      Transwestern Tower
      1900 West Loop South, Suite 1000
      Houston, TX 77027
      (713) 961-3366 – Telephone
      (713 490-4824 - Direct
      (713) 961-3938 – Facsimile
      mthayer@gordonrees.com

**ATTORNEYS FOR PLAINTIFF CHOICE
HOTELS INTERNATIONAL, INC.**

1146514/36858806v.1